IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR OSCEOLA COUNTY, FLORIDA

JOSE WACZEWSKI,
an Individual,

CASE NO.: 12 CA 2337Cl
DIVISION:

    Plaintiff,

vs.

TEMPUS RESORTS INTERNATIONAL,
a Florida corporation,
and, DIAMOND RESORTS INTERNATIONAL
MARKETING, INC.,
a Florida corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JOSE WACZEWSKI (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, TEMPUS RESORTS INTERNATIONAL (hereinafter referred to as "TEMPUS") and DIAMOND RESORTS INTERNATIONAL MARKETING, INC., (hereinafter referred to as "DIAMOND") (TEMPUS and DIAMOND hereinafter referred to collectively as "Defendants") and alleges:

1. This is an action for damages that exceed fifteen thousand dollars ($15,000.00).

2. The pertinent acts in which this matter is based and alleged herein, all occurred in Osceola County, Florida thus jurisdiction and venue are proper in this Honorable Court.

3. Plaintiff brings this action for unpaid overtime wages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (FLSA)

4. Plaintiff, on various occasions from July of 2009 to May of 2011, worked for TEMPUS without receiving compensation for all work performed including overtime and commission earned income.

1

5. Plaintiff on various occasions from May of 2011 to July of 2011, worked for DIAMOND without receiving compensation for all work performed including overtime and commissions earned as income.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337, 28 U.S.C. § 1331, and the FLSA.

7. At all times relevant to this action, Plaintiff was an employee covered by the FLSA, as defined by 29 U.S.C. §203(e), and Defendants were employers covered by the FLSA, as defined by 29 U.S.C. §203(d).

8. At all times relevant to this action, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(r) and 203(s).

9. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendants, for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked or hours in excess of forty hours within a work week.

10. During his employment with Defendants, Plaintiff was not paid time and one-half for all hours worked in excess of forty (40) per work week during one or more work weeks.

11. During his employment with Defendants, Plaintiff was not paid for commissions earned per work week during one or more weeks, despite being entitled to such commissions.

12. The records, to the extent that any exist, are in the sole possession, custody and control of Defendants. Plaintiff will prove the existence of said documents through discovery.

13. The Plaintiff is an individual who has at all times relevant to this action resided in Orange County, Florida.

14. TEMPUS was doing business in Osceola County, Florida at all times relevant to this action.

15. DIAMOND was doing business in Osceola County, Florida at all times relevant to this action.

16. The Defendants and Plaintiff entered into an employer/employee relationship when Defendants hired Plaintiff for the position of concierge and customer representative on or around July of 2009 earning $7.50 per hour.

17. In pursuance of such employment relationship with Defendants, Plaintiff provided all employment services in accordance with employer expectations.

18. Plaintiff had not received any disciplinary actions prior to termination.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION AND ANY OTHER WAGES NOT PAID UNDER FLSA FROM DEFENDANTS

19. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 18.

20. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week. During Plaintiff's employment with Defendants, he regularly worked overtime hours but was not paid time and one-half compensation for same.

21. Plaintiff would regularly work extra hours for Defendants but was not fully compensated for all hours worked.

22. As a result of the Defendants intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half of his regular rate of pay for each hour worked in excess of forty

3

(40) per work week in one or more work weeks, and not receiving compensations for all hours worked, Plaintiff has suffered damages plus incurring reasonable attorney's fees and costs.

23. As a result of the Defendants willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, attorneys' fees and costs incurred in this action, and all further relief that this Court determines to be just and proper.

## COUNT II
## BREACH OF CONTRACT

24. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 23.

25. On or about July of 2009, Plaintiff and Defendants entered into an employee and employer relationship. Under the terms of this employment relationship, in consideration for the Plaintiff working forty (40) hour weeks, Defendants promised to pay Plaintiff at $7.50 per hour and time and one-half for all hours worked in excess of forty (40) per work week plus commissions.

26. The consideration in the employment relationship was fair and reasonable.

27. Plaintiff has performed all conditions, covenants, and promises required by him on his part to be performed in accordance with the terms and conditions of the employment relationship with Defendants.

28. On or about July of 2009 Defendants failed to honor the employment relationship by not paying the Plaintiff for the time and one-half for all hours worked in excess of forty (40) per work week and not paying him commission due to him.

4

29. By reason of Defendants not honoring the employment relationship as herein alleged, the Plaintiff has suffered damages.

30. By the terms of said employment relationship, the Plaintiff is entitled to recover reasonable attorney fees incurred in the enforcement of his time and one-half hours worked in excess of forty (40) per work week that he was not paid as well as commissions due to him that were not paid by Defendants. By reason of the aforementioned, the Plaintiff has been forced to secure the services of the legal firm of MORGAN, WHITE-DAVIS & MARTINEZ, PA, to prosecute this lawsuit.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him and for unpaid commissions which Defendants did not properly compensate him, liquidated damages, attorneys' fees and costs incurred in this action, and all further relief that this Court determines to be just and proper.

## DEMAND FOR TRIAL BY JURY

31. Plaintiff hereby demands a trial by jury of all issues triable.

Respectfully submitted this 18th day of May, 2012.

Paul J. Morgan, Esq.
Fla. Bar No.: 341258
Morgan, White-Davis & Martinez, P.A.
1099 West Morse Boulevard
Winter Park, FL 32789
Telephone: (407) 629-5300
Facsimile: (407) 629-9364
pmorgan@winterparklaw.com
Attorney for Plaintiff