Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Jose Waczewski,<br><br>          Plaintiff,<br><br>v.<br><br>Tempus Resorts International,<br>a Florida corporation,<br>and, Diamond Resorts International<br>Marketing, Inc.,<br>a Florida corporation,<br><br>          Defendants. | No. 6:12-CV-899-ORL-37GJK<br><br>**ANSWER** |

      Defendant **DIAMOND RESORTS INTERNATIONAL MARKETING, INC.** (hereinafter "DRI") by its attorneys, and for its answer and defenses to Plaintiff's Complaint, states as follows:

## **INTRODUCTION**

      1.    DRI is without sufficient information to admit or deny the allegations contained in Paragraph 1, and therefore deny the same.

      2.    Upon information and belief, DRI admits the allegations contained in Paragraph 2.

      3.    Upon information and belief, DRI admits the allegations contained in Paragraph 3.

      4.    Upon information and belief, DRI denies the allegations contained in Paragraph 4.

15276827

5. DRI denies the allegations contained in Paragraph 5.

6. Paragraph 6 calls for a legal conclusion, and therefore no response is required. To the extent a response is required, DRI denies the allegations.

7. DRI admits the allegations contained in Paragraph 7.

8. DRI admits the allegations contained in Paragraph 8.

9. DRI denies the allegations contained in Paragraph 9.

10. DRI denies the allegations contained in Paragraph 10.

11. DRI denies the allegations contained in Paragraph 11.

12. DRI admits that it maintains records and documents relevant to this lawsuit, but denies that those records are in its sole possession, custody and control. DRI denies the remaining allegations of Paragraph 12.

13. DRI is without sufficient information to admit or deny the allegations contained in Paragraph 13, and therefore deny the same.

14. DRI is without sufficient information to admit or deny the allegations contained in Paragraph 14, and therefore deny the same.

15. DRI admits the allegations contained in Paragraph 15.

16. DRI denies that Plaintiff became an employee of DRI in July of 2009 earning $7.50 per hour. DRI admits that Plaintiff was an employee of DRI. DRI denies the remaining allegations contained in Paragraph 16.

17. DRI denies the allegations contained in Paragraph 17.

18. DRI denies the allegations contained in Paragraph 18.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AND ANY OTHER WAGES NOT PAID UNDER FLSA FROM DEFENDANTS

19. DRI incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1-18 of the Complaint.

20. DRI admits that Plaintiff was entitled to time and one-half his regular rate of pay for each hour worked in excess of forty hours per work week, but denies the remaining allegations contained in Paragraph 20.

15276827

21. DRI denies the allegations contained in Paragraph 21.

22. DRI denies the allegations contained in Paragraph 22.

23. DRI denies the allegations contained in Paragraph 23.

## COUNT II
## BREACH OF CONTRACT

24. DRI incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1-23 of the Complaint.

25. DRI admits Plaintiff was entitled to time and one-half his regular rate of pay for each hour worked in excess of forty hours per work week, but denies the remaining allegations contained in Paragraph 25.

26. DRI admits the allegations contained in Paragraph 26.

27. DRI denies the allegations contained in Paragraph 27.

28. DRI denies the allegations contained in Paragraph 28.

29. DRI denies the allegations contained in Paragraph 29.

30. DRI denies the allegations contained in Paragraph 30.

31. Every allegation not expressly admitted herein is hereby denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's claim for liquidated damages is barred because DRI did not willfully violate the FLSA.

2. Plaintiff's claims are barred by the doctrine of payment.

3. Plaintiff's claims are barred by the doctrine of waiver. Plaintiff knowingly received and accepted without complaint all compensation paid to him by DRI, and never timely alerted DRI of any actual or perceived deficiency in such compensation.

4. Plaintiff's claims are barred by the doctrine of ratification. Plaintiff knowingly received and accepted without complaint all compensation tendered to him by DRI, and never timely alerted DRI of any actual or perceived deficiency in any such compensation. Plaintiff openly led DRI to believe that DRI fully satisfied all of its financial obligations to Plaintiff, which, in fact, DRI reasonably believes that it did.

15276827

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

5. To the extent Plaintiff suffered any damages, which DRI denies, such damages were caused solely by Plaintiff's non-adherence to DRI's policies and procedures and/or that she concealed those facts to DRI.

6. Part or all of Plaintiff's claim is barred by the statute of limitations.

7. Plaintiff's claims are barred by the doctrine of laches.

8. DRI at all times acted in good faith and in reliance on information furnished by Plaintiff, and on regulations, orders, rulings and policies of the Administrator of the Wage and Hour Division of the Department of Labor.

9. DRI is entitled to a set-off in the amount of any overpayments made to or benefits conferred upon Plaintiff beyond the compensation and benefits agreed to by the parties both at the commencement of Plaintiff's employment and at all times during his employment.

DRI reserves the right to move the Court to allow DRI to assert additional defenses which may become apparent through discovery.

WHEREFORE, DRI demands that the Complaint be dismissed with prejudice, and that DRI be awarded its reasonable costs and attorneys' fees incurred herein, along with any other relief that may be just or necessary under the circumstances.

DATED this 5th day of July, 2012.

SNELL & WILMER L.L.P.

By s/Stephanie R. Leach
Stephanie R. Leach
Bar No. 522171
Attorneys for Defendant Diamond Resorts International Marketing, Inc.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Fax: (602) 382-6070
srleach@swlaw.com

15276827

**CERTIFICATE OF SERVICE**

**I hereby certify** that on July 5, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>Paul J. Morgan, Esq.
>Morgan, White-Davis & Martinez, P.A.
>1099 West Morse Blvd.
>Winter Park, FL 32789
>Attorneys for Plaintiff

>s/Mary Bergman
>An employee of Snell & Wilmer

:

- 5 -

15276827