IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JOSE WACZEWSKI,  Case No.: 6:12-cv-00899-RBD-GJK
an Individual,

    Plaintiff,

vs.

DIAMOND RESORTS INTERNATIONAL MARKETING, INC.,
a Florida corporation

    Defendants.
_____/

## MOTION FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)

Pursuant to this Court's Order of November 23, 2012, Plaintiff Jose Waczewski, by and through the undersigned counsel, Moves for Dismissal of this action under Federal Rule of Civil Procedure 41(a)(2) and states the following in support thereof:

1. A Notice of Settlement was filed on November 21, 2012, in which all parties gave notice that the parties have reached a settlement of all of the claims (Doc. 17).

2. The instant cause of action was initially filed against Tempus Resorts International (TEMPUS) and the successor corporation, Diamond Resorts International Marketing, Inc. (DIAMOND). A good faith belief existed at the time that both defendants were liable for failure to pay wages or commissions due the Plaintiff. The FLSA and breach of contract allegations were primarily directed at Tempus who had a long relationship with the Plaintiff. The claim against TEMPUS was dismissed prior to

an Answer being filed based on an analysis that TEMPUS's bankruptcy filing would prevent the Plaintiff from pursuing that claim in this venue. This left only DIAMOND as the remaining defendant.

3. During the discovery process it was alleged that the time period that DIAMOND was liable for wages was less than two months, and the cost of litigation and anticipated recovery prospects for the Plaintiff did not justify the extensive litigation that would be required. Depositions would need to be taken out of state and evidence was produced suggesting that TEMPUS was the main party who would have been liable for underpayment of wages or commissions. The position of the Defendant is that it did not violate the FLSA and in any case the value of any loss to the Plaintiff would not exceed the amount offered to resolve the dispute between the parties.

4. The Defendant, through its counsel, has requested that the claim be dismissed, as opposed to the settlement agreement being submitted for approval.

5. Good Cause does exist to approve of dismissal in this case. The undersigned, as sole counsel for Plaintiff, affirms herein that no attorney fee is being charged against the Plaintiff or the Defendant. The undersigned acknowledges the rationale enumerated in *Lynn's Food Stores, Inc. v. U.S. ex rel. US Dep't of Labor, 679 F.2d 1350, 1350 (11th Cir 1982)* and believes that the concerns of the Court have been fully considered herein and Dismissal of the claim is in his best interest.

In the alternative, should the Court deny permission to dismiss this action, the undersigned requests leave to submit the settlement document for approval.

A copy of this Motion has been provided to the Defendant's counsel and is filed with her consent and agreement.

DATED this 21st day of December, 2012.

    /S/   Paul J. Morgan
Paul J. Morgan
Florida Bar # 341258
Morgan, White-Davis & Martinez, P.A.
1099 W Morse Blvd
Winter Park, FL 32789
407-629-5300 (phone)
407-629-9364 (fax)
Email: pmorgan@winterparklaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed on the 21st day of December, 2012 using the CM/ECF System, which will automatically give notice to the following attorneys of record by electronic means: Stephanie R. Leach, One Arizona Center, 400 East Van Buren Street, Suite 1900, Phoenix, AZ 85004-2202.

    /S/   Paul J. Morgan
Paul J. Morgan
Florida Bar # 341258
Morgan, White-Davis & Martinez, P.A.
1099 W Morse Blvd
Winter Park, FL 32789
407-629-5300 (phone)
407-629-9364 (fax)
Email: pmorgan@winterparklaw.com
Attorney for Plaintiff